**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JAMES EDWARD SMITH,                    )
ADC # 103093                           )
    Petitioner,                )     **Case No. 5:10-CV-00199 JTK**
v.                                     )
                                       )
RAY HOBBS, Director, Arkansas          )
Department of Correction               )
    Respondent.                )

## RECHARACTERIZATION ORDER

BEFORE THE COURT is a *pro se* action brought by James Edward Smith.  On July 8, 2010, Smith initiated his case by filing a complaint on the form that prisoners are given to use when filing an action pursuant to 42 U.S.C. § 1983. Doc. No. 2.  However, Smith's claims were not cognizable under 42 U.S.C. § 1983 because his complaint sought "injunctive relief solely concerning the execution of his sentence by defendants," and the "the complaint concern[ed] the fact or length of his sentence." Doc. No. 3.  "[Section] 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  Accordingly, the Court directed the clerk to recharacterize Smith's action so that it was construed as being brought pursuant to 28 U.S.C. §2254 on July 26, 2010. Doc. No. 3.

The case then proceeded as a habeas action pursuant to 28 U.S.C. §2254, and the parties consented to the jurisdiction of the undersigned Magistrate Judge on January 12, 2011. Doc. No. 27.  Smith repeatedly acknowledged the recharacterization of his claim and implicitly approved of the change on numerous occasions. *See* Pet'r's Resp. Compl., Doc. No. 17, at 2; Pet'r's Mot. Default J., Doc. No. 32, at 2, 5 (noting Respondent had acknowledged that Smith's Petition for

1

Writ of Habeas Corpus was timely and that *Respondent* did not object to the Court's recharacterization of the action); Pet'r's Mtn. Copies, Doc. No. 37, at 2; Pet'r's Br. Supp. Pet., Doc. No. 41.  On April 17, 2012, the Court entered an Order dismissing Smith's petition because he failed to raise any issues of federal law[1] and because his claims were procedurally defaulted.

Smith subsequently sought a certificate of appealability from the Eighth Circuit.  In a split decision, the Eighth Circuit panel found that no certificate of appealability was necessary, and it reversed and remanded the Court's judgment dismissing Smith's case.  The panel held that it was error for the Court to convert Smith's case into a habeas action without first giving him the notice described by the Supreme Court in *Castro v. United States*, 540 U.S. 375, 377 (2003).

The petitioner in *Castro* was a federal prisoner who filed a 1994 *pro se* motion for a new trial pursuant to Federal Rule of Criminal Procedure 33.  For reasons that are unclear, the district court adopted the Government's recommendation that Castro's claims "were 'more properly cognizable' as federal habeas corpus claims," and it characterized Castro's petition as having been brought pursuant to both Rule 33 and 28 U.S.C. § 2255. *Castro*, 540 U.S. at 378.  The district court's decision was puzzling because "Castro's Rule 33 motion was valid as a procedural matter, and the claim it raised was no weaker on the merits when presented under Rule 33 than when presented under § 2255." *Id.* at 388 (SCALIA, J., concurring in part and concurring in judgment) ("The recharacterization was therefore unquestionably improper, and

---

[1] Smith's case is primarily based upon his objection to the fact that he is ineligible for parole and is required to serve the entire ten years of his sentence under Ark. Code Ann. § 16-93-609. Section "2254 is the only means by which 'a person in custody pursuant to the judgment of a State court' may raise challenges to the validity of his conviction or sentence or to the execution of his sentence." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003) (quoting *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001)).

Castro should be relieved of its consequences.").[2]  Castro subsequently filed a § 2255 motion in 1997 that included new claims, but the lower courts held that the 1997 motion was barred as a second or successive petition because the 1994 motion had been treated as his first habeas petition.[3]

The majority began its opinion by validating the practice of sometimes ignoring the labels that *pro se* litigants attach to motions and recharacterizing those motions in an effort "to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis."[4] *Castro*, 540 U.S. at 381-82 (internal citations omitted). However, the court also noted that recharacterization "may make it significantly more difficult for that litigant to file another such motion." *Id.* at 382.  This was certainly the case for Castro because his 1997 motion was barred due to the Court's recharacterization of his 1994 Rule 33 motion.

In order to prevent *pro se* litigants from being unduly prejudiced by sua sponte

---

[2] Unlike Castro's Rule 33 motion, Smith's § 1983 petition was facially invalid because its claims were only cognizable through habeas corpus.  Recharacterization was the only way that Smith's petition could be construed as stating a claim for relief.

[3] The three-year gap here did not run afoul of the statute of limitations because habeas petitions concerning pre-AEDPA final judgments were given a one-year grace period that ended on April 24, 1997. *See, e.g.*, *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999).

[4] Scalia's and Thomas's concurrence indicates they would prefer that courts simply dismiss faulty motions, rather than attempting to salvage them. *See id.* at 386 ("Our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief."); *id.* at 388 ("Even if one does not agree with me that, because of the risk involved, pleadings should *never* be recharacterized into first § 2255 motions, surely one must agree that running the risk is unjustified *when there is nothing whatever to be gained by the recharacterization.*").  The majority did not offer any opinion on this alternative to recharacterization, which was certainly an available method of resolving Smith's petition.

recharacterization, *Castro* held that a court must first 1) notify the litigant of its intent to recharacterize the pleading, 2) warn the litigant that recharacterization would subject any subsequent habeas motions to the "second or successive" petition bar, and 3) give the litigant an opportunity to withdraw the motion or amend it so that it contains all habeas claims. *Id.* at 383. In the event that "these things are not done," *Castro* simply held that "a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's 'second or successive' provision." *Id.* at 377; *see also id.* at 383 ("If the court fails to do so, the motion cannot be considered to have become a § 2255 motion *for purposes of applying to later motions the law's 'second or successive' restrictions*.") (emphasis added).[5]  Because the district court never gave Castro these warnings before recharacterizing his 1994 motion, the Supreme Court reversed the lower courts' decision that Castro's 1997 petition was a second or successive petition.

Unlike in *Castro*, this Court's decision to recharacterize Smith's motion was necessary to salvage his claims.  Further, it is does not appear that Smith would be prejudiced by any future, erroneous application of the second or successive petition bar.[6]  That bar is just one of the many

---

[5] Indeed, the limit of *Castro*'s holding is also discussed in Scalia's and Thomas's concurrence. *See id.* at 385 (SCALIA, J., concurring in part and concurring in judgment) ("The Court promulgates a new procedure to be followed if the district court desires the recharacterized motion to count against the *pro se* litigant as a first 28 U.S.C. § 2255 motion in later litigation."); *id.* ("This procedure, by the way, can be ignored with impunity by a court bent upon aiding *pro se* litigants at all costs; *the only consequence will be that the litigants' later § 2255 submissions cannot be deemed 'second or successive.'*") (emphasis added); *id.* at 388 ("The Court today relieves Castro of the consequences of the recharacterization (*to wit, causing his current § 2255 motion to be dismissed as "second or successive") because he was not given the warning* that its opinion prescribes") (emphasis added).

[6] The lack of any resulting prejudice has led courts to find that the warnings were not required. *See, e.g.*, *Settle v. United States*, 4:12-CV-1534-JCH, 2012 WL 4049023 (E.D. Mo. Sept. 13, 2012) ("Moreover, because the instant motion is successive, and appears to be untimely as well, providing movant a *Morales*-type warning and an opportunity to withdraw his motion would be of no avail to him."); *Cree v. United States*, 4:10-CV-25, 2010 WL 1814938 (D.N.D. May 4, 2010) ("Providing Cree with a *Morales* type warning and opportunity to withdraw would be of

limitations that AEDPA imposed on prisoners' ability to file habeas petitions.  As noted in the Court's April 17, 2012 order, Smith pled guilty and then failed to seek any relief from the state courts.  His failure to present *any* claims to the state courts is a procedural default that would seem to bar any potential claims that he may wish to present in a hypothetical successive petition.

The statute of limitations is another potential bar to any future petition.  The judgment and commitment order following Smith's guilty plea was filed on July 17, 2009.  Thus, the limitations period began to run ninety days[7] later on October 15, 2009, and seems to have ended on October 15, 2010.  However, it is unclear whether this is the case because Smith filed the present action on July 8, 2010, and the question of whether the limitations period would be tolled from the date he filed his petition has not been answered. *See Morales v. United States*, 304 F.3d 764, 767 (8th Cir. 2002).

### The Court's Warnings to Smith

In accordance with the Eighth Circuit's order, the Court now advises Smith that the Court intends to recharacterize his submission from a petition pursuant to 42 U.S.C. § 1983 to a motion pursuant to 28 U.S.C. § 2254.  This intended recharacterization means that any subsequent section § 2254 motion will be subject to the restrictions on "second or successive" motions, and Smith must therefore include all of his collateral claims in a single application for post-conviction relief.  If Smith has not included all of his grounds for relief in his current petition, he may want to consider withdrawing or amending his petition, so that he does not lose any of his

---

no consequence and would not further the rationale of *Morales* that a *pro se* litigant may not be aware of AEDPA's gatekeeping provisions and all the consequences of reclassification.").

[7] Supreme Court Rule 13.1 (explaining that a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment").

claims under the rules restricting successive § 2254 motions.  He should also be mindful of the statute of limitations that applies to § 2254 motions.[8]

In the event that Smith wishes to withdraw the complaint, amend the complaint, or protest the recharacterization, **Smith has up to and including January 8, 2013.**  If Smith wishes to amend the complaint, he must be sure that it contains all of the section 2254 claims he believes he has.  **If Smith does not withdraw the complaint, amend it, or protest the change, the Court will consider the motion under section 2254 in its previous form.**

In the event that Smith chooses to protest the recharacterization and proceed with his claims as originally presented, he will need to submit another motion to proceed *in forma pauperis* because he will be subject to the $350 filing fee that is associated with § 1983 claims, rather than the $5 fee for habeas actions.

SO ORDERED this 27th day of November, 2012.

_____

United States Magistrate Judge

---

[8] As noted above, it is unclear whether the statute of limitations has already expired.